UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Charminar Biryani House, a Michigan limited
liability company,

Case No. 2:22-cv-11747
Hon. Judge Mathew F. Leitman

Plaintiff/Counter-Defendant,

v.

Charminar Biryani House, an unincorporated entity,
Rajesh Chelieveru, an individual,

Defendants/Counter-Plaintiffs.
_____/

## PLAINTIFF/COUNTER-DEFENDANT'S ANSWER TO DEFENDANTS/COUNTER-PLAINTIFFS' COUNTER COMPLAINT

Now comes Plaintiff/Counter Defendant, Charminar Biryani House, L.L.C., a Michigan limited liability company (hereinafter referred to as "Plaintiff"), by and through its counsel, Detroit Metro Law, PLLC, and for its Answer to Defendants/Counter-Plaintiffs Charminar Biryani House ("CBH") and Rajesh Chelieveru (collectively hereinafter referred to as "Defendants"), Counter Complaint ("Complaint"), states as follows:

## PARTIES

1. Plaintiff is without sufficient information to admit or deny the allegations set forth in Paragraph 1 of the Complaint and, therefore, denies the same and demands strict proof thereof.

1

2.     Plaintiff is without sufficient information to admit or deny the allegations set forth in Paragraph 2 of the Complaint and, therefore, denies the same and demands strict proof thereof.

3.     Plaintiff is without sufficient information to admit or deny the allegations set forth in Paragraph 3 of the Complaint and, therefore, denies the same and demands strict proof thereof.

4.     Plaintiff is without sufficient information to admit or deny the allegations set forth in Paragraph 4 of the Complaint and, therefore, denies the same and demands strict proof thereof.

5.     Plaintiff is without sufficient information to admit or deny the allegations set forth in Paragraph 5 of the Complaint and, therefore, denies the same and demands strict proof thereof. Furthermore, it is important to note the assumed name registered "Charminaar Biryani House" with two "a" rather than a single "a", because such an assumed name was not available due to previously being registered to the Plaintiff.

6.     Admitted Plaintiff is Charminar Biryani House, LLC. In further response, denied that Charminar Biryani House, LLC is a "Non-Party".

7.     Plaintiff is without sufficient information to admit or deny the allegations set forth in Paragraph 7 of the Complaint and, therefore, denies the same and demands strict proof thereof.

8.     Plaintiff is without sufficient information to admit or deny the allegations set forth in Paragraph 8 of the Complaint and, therefore, denies the same and demands strict proof thereof.

9.     Plaintiff is without sufficient information to admit or deny the allegations set forth in Paragraph 9 of the Complaint and, therefore, denies the same and demands strict proof thereof.

10.    Plaintiff is without sufficient information to admit or deny the allegations set forth in Paragraph 10 of the Complaint and, therefore, denies the same and demands strict proof thereof.

11.    Plaintiff is without sufficient information to admit or deny the allegations set forth in Paragraph 11 of the Complaint and, therefore, denies the same and demands strict proof thereof.

12.    Plaintiff is without sufficient information to admit or deny the allegations set forth in Paragraph 12 of the Complaint and, therefore, denies the same and demands strict proof thereof.

13.    Plaintiff is without sufficient information to admit or deny the allegations set forth in Paragraph 13 of the Complaint and, therefore, denies the same and demands strict proof thereof.

14.     Plaintiff is without sufficient information to admit or deny the allegations set forth in Paragraph 14 of the Complaint and, therefore, denies the same and demands strict proof thereof.

15.     Plaintiff is without sufficient information to admit or deny the allegations set forth in Paragraph 15 of the Complaint and, therefore, denies the same and demands strict proof thereof.

16.     Plaintiff is without sufficient information to admit or deny the allegations set forth in Paragraph 16 of the Complaint and, therefore, denies the same and demands strict proof thereof.

17.     Plaintiff is without sufficient information to admit or deny the allegations set forth in Paragraph 17 of the Complaint and, therefore, denies the same and demands strict proof thereof.

18.     Plaintiff is without sufficient information to admit or deny the allegations set forth in Paragraph 18 of the Complaint and, therefore, denies the same and demands strict proof thereof.

19.     Plaintiff is without sufficient information to admit or deny the allegations set forth in Paragraph 19 of the Complaint and, therefore, denies the same and demands strict proof thereof.

20.     Plaintiff is without sufficient information to admit or deny the allegations set forth in Paragraph 20 of the Complaint and, therefore, denies the same and demands strict proof thereof.

21.     Plaintiff is without sufficient information to admit or deny the allegations set forth in Paragraph 21 of the Complaint and, therefore, denies the same and demands strict proof thereof.

22.     Plaintiff is without sufficient information to admit or deny the allegations set forth in Paragraph 22 of the Complaint and, therefore, denies the same and demands strict proof thereof.

23.     Plaintiff is without sufficient information to admit or deny the allegations set forth in Paragraph 23 of the Complaint and, therefore, denies the same and demands strict proof thereof.

24.     Plaintiff is without sufficient information to admit or deny the allegations set forth in Paragraph 24 of the Complaint and, therefore, denies the same and demands strict proof thereof.

25.     Plaintiff is without sufficient information to admit or deny the allegations set forth in Paragraph 25 of the Complaint and, therefore, denies the same and demands strict proof thereof.

26.     Plaintiff is without sufficient information to admit or deny the allegations set forth in Paragraph 26 of the Complaint and, therefore, denies the same and demands strict proof thereof.

27.     Plaintiff is without sufficient information to admit or deny the allegations set forth in Paragraph 27 of the Complaint and, therefore, denies the same and demands strict proof thereof.

28.     Plaintiff is without sufficient information to admit or deny the allegations set forth in Paragraph 28 of the Complaint and, therefore, denies the same and demands strict proof thereof.

29.     Denied.

30.     Plaintiff is without sufficient information to admit or deny the allegations set forth in Paragraph 30 of the Complaint and, therefore, denies the same and demands strict proof thereof.

31.     Denied because Plaintiffs did not have any knowledge of Defendants business or activities.

32.     Admitted Babul Mohammed is not from India. Denied Babul Mohammed did not know the origins of "Charminar".

33.     Plaintiff is without sufficient information to admit or deny the allegations set forth in Paragraph 33 of the Complaint and, therefore, denies the same and demands strict proof thereof.

6

34.     Plaintiff is without sufficient information to admit or deny the allegations set forth in Paragraph 34 of the Complaint and, therefore, denies the same and demands strict proof thereof. In further response, Plaintiff did not have any knowledge of Defendants activities.

35.     Plaintiff is without sufficient information to admit or deny the allegations set forth in Paragraph 35 of the Complaint and, therefore, denies the same and demands strict proof thereof.

36.     Plaintiff is without sufficient information to admit or deny the allegations set forth in Paragraph 36 of the Complaint and, therefore, denies the same and demands strict proof thereof.

37.     Admitted Plaintiff registered Charminar Biryani House, LLC before Defendants. Denied Plaintiff is a "non-party".

38.     Admitted.

39.     Plaintiff is without sufficient information to admit or deny the allegations set forth in Paragraph 39 of the Complaint and, therefore, denies the same and demands strict proof thereof.

40.     Plaintiff is without sufficient information to admit or deny the allegations set forth in Paragraph 40 of the Complaint and, therefore, denies the same and demands strict proof thereof.

41.     Plaintiff is without sufficient information to admit or deny the allegations set forth in Paragraph 41 of the Complaint and, therefore, denies the same and demands strict proof thereof.

42.     Plaintiff is without sufficient information to admit or deny the allegations set forth in Paragraph 42 of the Complaint and, therefore, denies the same and demands strict proof thereof.

43.     Plaintiff is without sufficient information to admit or deny the allegations set forth in Paragraph 43 of the Complaint and, therefore, denies the same and demands strict proof thereof.

44.     Denied because Plaintiff built up its reputation and goodwill well before Defendants received any recognition or business in the locality.

45.     Plaintiff is without sufficient information to admit or deny the allegations set forth in Paragraph 45 of the Complaint and, therefore, denies the same and demands strict proof thereof.

46.     Denied that Plaintiff have misappropriated Defendants' name, mark or logo.

47.     Denied because Unjust Enrichment is not applicable to the allegations herein.

48.     Denied because Plaintiff built up its reputation and goodwill well before Defendants received any recognition or business in the locality.

## COUNT 1
## FEDERAL TRADEMARK INFRINGEMENT
## 15 U.S.C. § 1125(a)

49.     Plaintiff incorporates all prior answers here by this reference as if fully stated herein.

50.     Denied because Plaintiff has the enforceable rights in its logo, mark, goods and services.

51.     Denied because Plaintiff had no knowledge of Defendants' business or activities.

52.     Denied because Plaintiff had no knowledge of Defendants' business or activities, and Plaintiff has the enforceable rights in its logo, mark, goods and services.

53.     Admitted that Plaintiff has not received authorization from Defendants. Denied to the extent Paragraph 53 suggest such authorization was legally required.

54.     Denied because Plaintiff has the enforceable rights in its logo, mark, goods and services.

55.     Denied because Plaintiff has the enforceable rights in its logo, mark, goods and services.

56.     Denied because Plaintiff has the enforceable rights in its logo, mark, goods and services.

57.     Denied because Plaintiff has the enforceable rights in its logo, mark, goods and services.

58.     Denied because Plaintiff has the enforceable rights in its logo, mark, goods and services.

59.     Denied Defendants are entitled to any compensation or any other remedy at law.

Wherefore, Charminar Biryani House, LLC respectfully request this Honorable Court dismiss Defendants Counter Complaint and enter a judgement in favor of Charminar Biryani House, LLC, and against Defendants, jointly and severally, in an amount to be determined, plus any interest, attorneys' fees, and cost of this action.

## COUNT II
## COMMON LAW UNFAIR COMPETITION

60.     Plaintiff incorporates all prior answers here by this reference as if fully stated herein.

61.     Denied because Plaintiff did not have knowledge of Defendants' business or activities, and Plaintiff has the enforceable rights in its logo, mark, goods and services.

62.     Denied because Plaintiff has the enforceable rights in its logo, mark, goods and services.

63.     Denied because Plaintiff has the enforceable rights in its logo, mark,

goods and services and because Plaintiff established its restaurant in the locality well before Defendants.

64.    Denied because Plaintiff has the enforceable rights in its logo, mark, goods and services and because Plaintiff established its restaurant in the locality well before Defendants.

65.    Denied Defendants are entitled to any compensation or any other remedy at law.

Wherefore, Charminar Biryani House, LLC respectfully request this Honorable Court dismiss Defendants Counter Complaint and enter a judgement in favor of Charminar Biryani House, LLC, and against Defendants, jointly and severally, in an amount to be determined, plus any interest, attorneys' fees, and cost of this action.

## COUNT III
## UNJUST ENRICHMENT

66.    Plaintiff incorporates all prior answers here by this reference as if fully stated herein.

67.    Denied because Plaintiff did not have knowledge of Defendants' business or activities, and Plaintiff has the enforceable rights in its logo, mark, goods and services.

68.    Denied because Plaintiff did not have knowledge of Defendants' business or activities, and Plaintiff has the enforceable rights in its logo, mark, goods

and services.

69.     Denied because Plaintiff did not have knowledge of Defendants' business or activities, and Plaintiff has the enforceable rights in its logo, mark, goods and services.

70.     Denied Defendants are entitled to any compensation or any other remedy at law. In further response, Denied because Plaintiff did not have knowledge of Defendants' business or activities, and Plaintiff has the enforceable rights in its logo, mark, goods and services.

71.     Denied Defendants are entitled to any compensation or any other remedy at law.

Wherefore, Charminar Biryani House, LLC respectfully request this Honorable Court dismiss Defendants Counter Complaint and enter a judgement in favor of Charminar Biryani House, LLC, and against Defendants, jointly and severally, in an amount to be determined, plus any interest, attorneys' fees, and cost of this action.

## **COUNT IV**
## **INJUNCTION 15 U.S.C. §(s) 1125(a)**

Plaintiff incorporates all prior answers here by this reference as if fully stated herein.

72.     Denied because Plaintiff did not have knowledge of Defendants' business or activities, and Plaintiff has the enforceable rights in its logo, mark, goods and services.

12

73.     Denied because Plaintiff did not have knowledge of Defendants' business or activities, and Plaintiff has the enforceable rights in its logo, mark, goods and services.

74.     Admitted that Plaintiff has not received authorization from Defendants. Denied to the extent Paragraph 74 suggest such authorization was legally required.

75.     Denied because Plaintiff has the enforceable rights in its logo, mark, goods and services and because Plaintiff established its restaurant in the locality well before Defendants.

76.     Denied because Plaintiff has the enforceable rights in its logo, mark, goods and services and because Plaintiff established its restaurant in the locality well before Defendants.

77.     Denied Defendants are entitled to such relief because Plaintiff has the enforceable rights in its logo, mark, goods and services and because Plaintiff established its restaurant in the locality well before Defendants.

78.     Denied Defendants are entitled to such injunctive relief because Plaintiff has the enforceable rights in its logo, mark, goods and services and because Plaintiff established its restaurant in the locality well before Defendants.

Wherefore, Charminar Biryani House, LLC respectfully request this Honorable Court dismiss Defendants Counter Complaint and enter a judgement in favor of Charminar Biryani House, LLC, and against Defendants, jointly and

severally, in an amount to be determined, plus any interest, attorneys' fees, and cost of this action.

Respectfully submitted,

**DETROIT METRO LAW, PLLC**

/s/ Yasir Muhammad
By: Yasir Muhammad (P79976)
Attorneys for Plaintiff
31500 W 13 Mile Rd, Suite 210
Farmington Hills, MI 48334
ymuhammad@detroitmetrolaw.net

Dated: October 12, 2022

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Charminar Biryani House, a Michigan limited
liability company,

Case No. 2:22-cv-11747
Hon. Judge Mathew F. Leitman

Plaintiff/Counter-Defendant,

v.

Charminar Biryani House, an unincorporated entity,
Rajesh Chelieveru, an individual,

Defendants/Counter-Plaintiffs.

_____/

## PLAINTIFF/COUNTER-DEFENDANT'S AFFIRMATIVE DEFENSES TO DEFENDANTS/COUNTER-PLAINTIFFS' COUNTER COMPLAINT

Now comes Plaintiff/Counter Defendant, Charminar Biryani House, L.L.C., a Michigan limited liability company (hereinafter referred to as "Plaintiff"), by and through its counsel, Detroit Metro Law, PLLC, and for its Affirmative Defenses to Defendants/Counter-Plaintiffs Charminar Biryani House ("CBH") and Rajesh Chelieveru (collectively hereinafter referred to as "Defendants"), Counter Complaint ("Complaint"), states as follows:

1. Under the doctrine of Laches, Defendants are prevented from bringing the underlying Complaint due to its failure to bring forth such allegations in 2017, when Defendants admittedly had knowledge of Plaintiff opening its restaurant

well before Defendants restaurant opened in 2019. Due to Defendants failure to timely bring forth such allegations, Plaintiffs have now devoted significant resources in developing the brand and opened another location, and will now be severally prejudiced.

2. Defendants failed to mitigate its damages even though it had knowledge of Plaintiffs restaurant.

3. Defendants claims are barred for its failure to proceed in a commercially reasonable manner.

4. Defendants claims are barred due to its assumption of risk when opening the restaurant knowing Plaintiffs already had an established business.

5. Defendants claims are barred due to Statute of Limitations.

6. Defendants claims are barred due to the doctrine of release.

7. Plaintiffs reserve the right to amend these affirmative defenses.

Wherefore, Charminar Biryani House, LLC respectfully request this Honorable Court dismiss Defendants Counter Complaint and enter a judgement in favor of Charminar Biryani House, LLC, and against Defendants, jointly and severally, in an amount to be determined, plus any interest, attorneys' fees, and cost of this action.

Respectfully submitted,

**DETROIT METRO LAW, PLLC**

/s/ Yasir Muhammad
By: Yasir Muhammad (P79976)
Attorneys for Plaintiff
31500 W 13 Mile Rd, Suite 210
Farmington Hills, MI 48334
ymuhammad@detroitmetrolaw.net

Dated:  October 12, 2022

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Charminar Biryani House, a Michigan limited          Case No. 2:22-cv-11747
liability company,                                                        Hon. Judge Mathew F. Leitman

               Plaintiff/Counter-Defendant,

v.

Charminar Biryani House, an unincorporated entity,
Rajesh Chelieveru, an individual,

               Defendants/Counter-Plaintiffs.
_____/

## **PLAINTIFF/COUNTER-DEFENDANT'S AFFIRMATIVE DEFENSES TO DEFENDANTS/COUNTER-PLAINTIFFS' COUNTER COMPLAINT**

Yasir Muhammad hereby certifies that on the 12th day of October, 2022, a copy of **Plaintiff/Counter Defendants Answer and Affirmative Defenses to Defendants/Counter/Plaintiffs' Counter Complaint** and this Certificate of Service was served in accordance with the Court's Electronic Filing Guidelines.  Notice of Electronic Filing of these documents will be sent to all parties by operation of the Court's electronic filing system.

               /s/ *Yasir Muhammad*_____
               Yasir Muhammad